# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-580V
Filed: June 10, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| JESSICA SCHEYDER, * | |
| *on behalf of J.H.S.,* * | |
| * | |
| * | Dismissal Decision; |
| Petitioner, * | Acute Disseminated |
| * | Encephalomyelitis ("ADEM"); |
| v. * | Influenza ("flu") Vaccine. |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

*Brian Cinelli, Esq.,* Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.
*Benjamin Warder, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On April 17, 2019, petitioner filed a claim for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of her minor child, J.H.S., alleging that J.H.S. received an influenza ("flu") vaccine on April 18, 2016 and thereafter suffered from acute disseminated encephalomyelitis ("ADEM"). Petition, ECF No. 1. The information in

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

the record, however, does not show entitlement to an award under the Program. On June 10, 2021 petitioner filed a Motion for Dismissal Decision requesting that her case be dismissed. ECF No. 29.

To receive compensation under the Program, petitioner must prove either 1) that J.H.S. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that J.H.S. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover evidence that J.H.S. suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that his alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical expert opinion must be offered in support. Petitioner, however, has offered no such expert opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that J.H.S. suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

       IT IS SO ORDERED.

*s/ Mindy Michaels Roth*
Mindy Michaels Roth
Special Master
